

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-22-2008

# Brown v. Farrell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2650

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Brown v. Farrell" (2008). *2008 Decisions.* Paper 629.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/629

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2650

_____

ALLAN BROWN, a minor in his
own right and by and through
his parents and natural guardians,
Dolores Brown and David Brown;
DOLORES BROWN; DAVID BROWN

Appellants

v.

JOHN FARRELL;
WILKES-BARRE VOCATION TECHNICAL SCHOOL;
WILKES-BARRE AREA SCHOOL DISTRICT

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cv-0421)
District Judge: Honorable A. Richard Caputo

_____

Submitted Under Third Circuit LAR 34.1(a)
June 5, 2008

Before:  FISHER, JORDAN, and VAN ANTWERPEN, *Circuit Judges*

(Filed: August 22, 2008)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Allan Brown appeals the District Court's decision granting judgment as a matter of law under Federal Rule of Civil Procedure 50 in favor of Appellees John Farrell, Wilkes-Barre Vocational Technical School (the "School"), and Wilkes-Barre Area School District (the "School District") on Brown's claims for damages resulting from an accident at the school. Brown's claims under 42 U.S.C. § 1983 were grounded on theories of state-created danger and unconstitutional custom or policy. For the following reasons, we will affirm the District Court's decision.

I.      **Facts and Procedural History**[1]

While in the ninth grade, Brown was registered in a Heavy Equipment and Diesel Mechanics Course ("mechanics course") at the School. One day, Farrell, Brown's teacher in that course, attempted to inflate a split-rim tire which had been donated to the school. Before inflating the tire, Farrell secured it to the rim of a wheel with a chain. He wrapped the chain around four different places on the tire in order to keep it from separating should it burst during inflation. The markings on the tire indicated that it was a tubeless tire; however, unbeknownst to Farrell, the tire did have a tube in it. Farrell asked Brown to help him by going to his office and getting an air gauge to measure the amount of air going into the tire. Brown complied and, after Farrell initially put air into the tire, they

_____

[1]Because we write primarily for the benefit of the parties, we set forth only those facts pertinent to the issues before us on appeal.

checked the air pressure.  As Farrell went to put more air into the tire, it burst, causing injuries to Brown's face.[2]

Brown, by and through his parents, brought an action in the District Court against Farrell, the School, and the School District for damages on claims of negligence, state-created danger, and unconstitutional custom or policy.  Brown alleged in his state-created danger claim that his Fourteenth Amendment substantive due process right to bodily integrity had been violated.[3]  In his unconstitutional custom or policy claim, he stated that his constitutional rights were violated because the School District had a custom and policy of accepting donations of tires for the mechanics course and allowing instructors and students to inflate tires without the use of proper safety equipment.  Prior to trial, Brown withdrew his negligence claim, and proceeded strictly on the remaining claims.

After Brown presented his case at trial, the Appellees made a motion for judgment pursuant to Federal Rule of Civil Procedure 50, arguing that a reasonable jury would not have a legally sufficient evidentiary basis to find for Brown on either his state-created danger claim or his unconstitutional custom and policy claim.  The District Court heard argument and granted the motion from the bench, stating that, although it appeared that

---

[2] We do not mean by this brief description to give short-shrift to the seriousness of Brown's injuries.  It is undisputed that he was badly hurt in this accident.

[3] Under the state-created danger theory, "liability may attach where the state acts to create or enhance a danger that deprives the plaintiff of his or her Fourteenth Amendment right to substantive due process." *Sanford v. Stiles*, 456 F.3d 298, 304 (3d Cir. 2006).

3

Farrell acted negligently, Brown had failed to show that his constitutional rights to substantive due process were violated.

The District Court addressed each element of the state-created danger theory and held that Brown had failed to prove the four elements necessary to succeed on that claim.[4] First, the District Court found that the harm caused was not foreseeable because, although there may have been a possibility that the tire could burst, there was not a great risk of harm in inflating it. Second, the Court held that Farrell did not act with a degree of culpability that shocks the conscience because filling a tire is such a routine action. Third, although the District Court recognized that there was a relationship between Brown and the state, it found that the relationship was not one which placed Brown in danger of a great risk of harm. Finally, the District Court held that the fourth element of the state-created danger theory had not been satisfied because Farrell did not place Brown in a situation where he was being harmed by a third party, but, rather, Farrell himself had harmed Brown. The District Court believed that these facts may have supported a tort

---

[4]Under the state-created danger theory, a plaintiff must prove that
    (1) "the harm ultimately caused was foreseeable and fairly direct;"
    (2) a state actor acted with a degree of culpability that shocks the conscience;
    (3) a relationship between the state and the plaintiff existed such that "the plaintiff was a foreseeable victim of the defendant's acts," or a "member of a discrete class of persons subjected to the potential harm brought about by the state's actions," as opposed to a member of the public in general; and
    (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.
*Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006).

4

action, but not a cognizable claim under § 1983 for a constitutional violation. As a result of finding that there was no underlying violation of substantive due process, the District Court also held that there was no municipal liability under the theory that the School District had an unconstitutional policy or custom.[5] Brown appealed the resulting judgment.

## II.    Discussion

We have plenary review of an order granting a motion for judgment as a matter of law and must affirm the District Court's decision "if, viewing the evidence in the light most favorable to [the non-movant] and giving him the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury could reasonably find liability." *Wittekamp v. Gulf & Western Industries Inc.*, 991 F.2d 1137, 1141 (3d Cir. 1993).

    1.    State-Created Danger Claim

Brown argues that he satisfied all four elements necessary to make out a state-created danger claim. The District Court, however, determined that Brown had failed to establish any of the four elements. All four must be satisfied in order to state a claim; therefore, the failure to establish any one element renders the plaintiff's case insufficient to show liability. *Cf. Sanford*, 456 F.3d at 305 (holding that plaintiff's state-created

---

[5]The School and School District had argued the defense of qualified immunity, however, the District Court did not issue a ruling regarding that argument because it dismissed the case for failure to make a prima facie showing under the state-created danger theory. We likewise decline to address that argument.

danger claim failed because plaintiff was unable to show at least two of the four required elements). We need not examine all four elements, since it is sufficient to note that Brown's claim fails because he did not show that Farrell acted with the requisite degree of culpability, under the second element of the test.

Brown argues that, by inflating the tire in the classroom without use of a cage to enclose the tire, Farrell acted with a degree of culpability that shocks the conscience. The "shocks the conscience" standard of culpability Brown was required to prove in this case could have been met by demonstrating that Farrell was deliberately indifferent to safety. *Sanford*, 456 F.3d at 309-10 (stating that in situations where there is time for an official to deliberate and make "unhurried judgments," deliberate indifference is the standard for determining whether the action shocks the conscience). However, the safety precaution Farrell adopted in this instance,[6] shows that Farrell's actions were not shocking by any reasonable assessment. There was, in short, no evidence from which a jury could rationally conclude that Farrell's decision to use a chain rather than a cage represented deliberate indifference. Even if Farrell had been negligent, and we do not opine on that

---

[6]Farrell used a chain to secure the tire, believing that it was an appropriate precaution. Farrell had studied diesel and heavy equipment mechanics for three years, served as a practicing diesel mechanic and heavy equipment mechanic for over 14 years, and taught as an instructor in diesel mechanics and heavy equipment mechanics at the School for over 25 years. He testified that he used a chain because he believed it was safer than using a cage when inflating a split-rim tire. Brown offered no expert testimony as to whether the use of a tire cage was safer than the use of a chain, nor did he provide expert testimony that the use of a chain was improper or a violation of industry custom, though he did point to Farrell's earlier statement that Farrell did not know industry custom in that regard.

6

point at all, "[m]ere negligence is not enough to shock the conscience." *Sanford*, 456 F.3d

at 311.

    2.     Unconstitutional Custom or Policy Theory of Liability

Brown argues that the District Court erred in holding that the School District was

not liable under the theory that there was an unconstitutional custom or policy in place in

the District.  Specifically, Brown maintains that the School District had an

unconstitutional custom and policy of accepting equipment from anonymous donors for

students to work on during the mechanics course and of having instructors and students

inflate donated tires without the use of proper safety equipment.  Brown asserts that, even

though there was no written school policy about the inflation of tires, the school

condoned the activity, which he implies is too dangerous for students.

As to the unconstitutional custom and policy theory of liability, we have stated:

> A municipality is liable under § 1983 when a plaintiff can demonstrate that
> the municipality itself, through the implementation of a municipal policy or
> custom, causes a constitutional violation.  Liability will be imposed when
> the policy or custom itself violates the Constitution or when the policy or
> custom,  while not unconstitutional itself, is the "moving force" behind the
> constitutional tort of one of its employees.  Liability cannot be predicated,
> however, on a theory of *respondeat superior* or vicarious liability.

*Colburn v. Upper Darby Township*, 946 F.2d 1017, 1027 (3d Cir. 1991).  Because we

have already held that Brown failed to make a case under the state-created danger theory,

thereby failing to show that Farrell caused an underlying constitutional violation, we must

7

join the District Court in rejecting Brown's claim of municipal liability.[7] *See Sanford*, 456 F.3d at 314 ("[I]n order for municipal liability to exist, there must still be a violation of the plaintiff's constitutional rights.").

## III.    Conclusion

For the foregoing reasons, the judgment of the District Court entered on May 23, 2007 will be affirmed.

---

[7]We are in no position to consider whether the policies Brown complains of are prudent or in the best interests of students. Our only conclusion in this case is that, on this record and without a showing of an underlying violation of Brown's substantive due process rights, they are not unconstitutional.